JUDGE CASTEL

PREET BHARARA
United States Attorney for the
Southern District of New York
BY: CAROLINA A. FORNOS
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007

14 CV 2998

RECEIVED
APR 28 2014
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,            :   VERIFIED COMPLAINT

      - v -                          :   14 Civ.

$49,150 IN UNITED STATES CURRENCY,   :

      Defendant-in-rem.              :
------------------------------------X

Plaintiff United States of America, by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, for its verified complaint alleges as follows:

I. JURISDICTION AND VENUE

1. This action is brought pursuant to 21 U.S.C. § 881 by the United States of America seeking the forfeiture of $49,150.00 in United States Currency (the "Defendant Currency").

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper under 28 U.S.C. §§ 1355(b) and 1395(a) because the actions giving rise to forfeiture took place in the Southern District of New York and the defendant-in-rem currency was found and seized in the Southern District of New York.

4.     The Defendant Currency is presently in the custody of the Department of Homeland Security ("HSI"), United States Immigration and Customs Enforcement ("ICE").

## II. PROBABLE CAUSE FOR FORFEITURE

<u>Vehicle Stop</u>

5.     On or about October 3, 2013, two members of the New York City's Police Department's ("NYPD") Manhattan North Task Force ("Officer-1" and "Officer-2"), were patrolling in a known drug prone location, namely, in the vicinity of East 127th Street, New York, New York. While on patrol, Officer-1 and Officer-2 observed a 1994 Toyota Camry (the "Subject Vehicle") with Vermont plates parked on the side of the road.

6.     Officer-1 observed that the occupants of the Subject Vehicle became startled at the presence of the marked Police Vehicle. The Subject Vehicle remained parked until the Police Vehicle drove out of sight. Shortly thereafter, the Police Vehicle observed the Subject Vehicle make a turn without signaling, at which point Officer-1 activated the lights and sirens to signal the Subject Vehicle to pull over. The Subject Vehicle delayed in pulling over.

7.     Upon being pulled over, Officer-1 approached the driver of the vehicle, later identified as Angela Hatch ("Hatch"), and asked for her license and registration for the Subject Vehicle. Officer-1 observed that Hatch was nervous, and asked her to step out of the car. Officer-1 asked Hatch questions relating to her reasons

for traveling to New York from Vermont. Hatch informed Officer-1 that she was dropping her friend off in New York around Seventh Avenue, but Officer-1 observed that they were nowhere near Seventh Avenue.

8. Officer-1 thereafter spoke with the passenger, later identified as Noel Hall ("Hall"), who provided a New York City Welfare Benefits card as identification. Officer-1 also spoke with Hall, who indicated that she was in New York to do some shopping and buy clothes.

9. While Officer-1 was at the passenger side of the Subject Vehicle speaking with Hall, he observed an open bag appearing to contain a large amount of currency on the front passenger side floor, in front of Hall. When asked about the bag of money, Hall stated that she was moving to Vermont and intended to deposit the money in the bank. Hall provided Officer-1 with other responses inconsistent with the statements made by Hatch to Officer-1.

K-9 Gives Positive Alert for Presence of Narcotics

10. Officer-1 requested that the NYPD K-9 Narcotics Unit respond to the scene. The K-9 conducted a sweep on the bags which contained the Defendant Currency and gave a positive alert for the presence of narcotics.

11. The total amount of cash found was later determined to be $49,150.

12.   Hatch and Hall were informed that the NYPD would be seizing the funds and they could follow the officers to the 25th Precinct if they wanted to contest the seizure.  Hatch and Hall went to the 25th Precinct.

Statements by Hatch

13.   Officer-1, along with another officer ("Officer-3") then interviewed Hatch after she read and signed the Miranda warnings. During her interview, Hatch admitted, among other things, that the Defendant Currency was drug money. Hatch further told law enforcement officers that she has made a total of four trips to New York City with Hall, and that Hall gives her money for gas, buys her food, takes her to Cracker Barrel and buys things for her when she drives Hall to New York City.  Hatch further stated that Hall asked Hatch to drive her to New York City from Vermont, and that Hatch intended to visit her brother who lives in the Bronx, but was reportedly unable to meet with him.  Hall reportedly asked Hatch to drive back to Vermont and Hall would return via an Amtrak Train.

Statements by Hall

14.   Officer-1 and Officer-3 then interviewed Hall after she read and signed the Miranda warnings.  Hall said that the Defendant Currency found in the Subject Vehicle belonged to her. Hall said she saved the Defendant Currency and does not believe in keeping money in banks even though she has bank accounts at Municipal Credit Union and TD Bank.

15. When asked what the Defendant Currency was for, Hall stated that she was moving to Vermont and was going to buy furniture. Hall stated that she doesn't know anyone in Vermont. When asked why the money was "bundled up," Hall responded it was "the best way to keep it."

16. The Defendant Currency was turned over to the HSI/ICE for processing.

### III. FIRST CLAIM FOR FORFEITURE

17. The allegations contained in paragraphs one through fifteen of the Complaint are incorporated herein.

18. Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such proceeds.

19. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

20. By reason of the above, the Defendant Currency became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendant Currency and that all persons having an interest in the Defendant Currency be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the Defendant Currency to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
April 28, 2014

> PREET BHARARA
> United States Attorney for the
> Southern District of New York
> Attorney for the Plaintiff
> United States of America
>
> By: _____
> CAROLINA A. FORNOS
> Assistant United States Attorney
> One St. Andrew's Plaza
> New York, New York 10007

VERIFICATION

STATE OF NEW YORK              )
COUNTY OF NEW YORK             )
SOUTHERN DISTRICT OF NEW YORK  )

      MICHAEL CUSUMANO, being duly sworn, deposes and says that he is a "federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a government agent engaged in enforcing the criminal laws; that he has been deputized as a Special Federal Officer by the Immigration and Customs Enforcement/Homeland Security Investigations ("ICE/HSI"), and as such has responsibility for the within action; that he has read the foregoing Verified Complaint and knows the contents thereof, and that the same is true to the best of his own knowledge, information and belief.

      The sources of deponent's knowledge and information and the ground of his belief are his observations and interviews on October 3, 2013 at the 25th Precinct, including of the property recovered during a vehicle stop, official records and files of the New York City Police Department, and information obtained directly by deponent and other police officers.

_____
MICHAEL CUSUMANO
Detective, Police Department of the
City of New York, Organized Crime
Control Bureau,
Asset Forfeiture Unit

Sworn to before me this
28th day of April, 2014

_____
Notary Public

MARCO DASILVA
Notary Public, State of New York
No. 01DA6145603
Qualified in Nassau County
My Commission Expires May 8, 2014